UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRIC LEE STREVY,

       Plaintiff,                                      Case No: 1:12-cv-634

v.                                                       HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 14), recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's Objections to the Report and Recommendation (Dkt 15), which mirror Plaintiff's arguments on appeal. Defendant has filed a Response (Dkt 16). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

I.  Other Medical Source Opinion

Plaintiff argues that the Magistrate Judge erred in concluding that the Administrative Law Judge (ALJ) gave valid reasons to reject Physician Assistant Jennifer Koetje's opinions. Plaintiff first takes issue with the Magistrate Judge's statement that the social security regulations require that

information from other sources be "considered," a standard which was easily met with respect to Koetje (Obj. at 5; R & R at 9). Plaintiff asserts that more is required because all factual findings must be supported by substantial evidence, and due process and the statutory right to meaningful appellate review require an ALJ to give good reasons for his credibility findings.

Plaintiff also contends that none of the reasons the ALJ gave for rejecting Koetje's opinions were good ones, and the Magistrate Judge erred in failing to analyze the reasons or address Plaintiff's various arguments (Obj. at 6). Plaintiff identifies seven reasons given by the ALJ, asserting that two were too vague; three improperly set the ALJ's medical expertise against that of a medical expert; one is formalistic, and another is question-begging (*id.* at 10). Plaintiff argues that since it cannot be assumed that the ALJ's credibility finding was not influenced by these reasons, the invalidity of even one of the reasons invalidates the ALJ's credibility finding, thus mandating remand for reconsideration of the same. And even if all the reasons were permissible, they are too insubstantial to justify rejecting Koetje's opinions (*id.*). Having failed to cite substantial evidence and valid reasons to impugn Koetje's opinions leaves no justification for not crediting those opinions. Had the ALJ done so, a finding of disability follows, since the Vocational Expert testified that one as limited as Koetje opined, is incapable of any gainful employment (*id.*).

Plaintiff's argument is without merit. As Defendant notes, Plaintiff merely reiterates his contentions made before the Magistrate Judge. The Magistrate Judge fully considered Plaintiff's argument that the ALJ gave invalid reasons to reject Koetje's opinions, and he properly concluded that the ALJ gave the opinions appropriate consideration in light of the medical records and the applicable governing authority (R & R at 5-9). It is undisputed that a physician's assistant is not an "acceptable medical source" (R & R at 8; Obj. at 6-7). Nonetheless, as the Magistrate Judge

recognized in quoting the ALJ's analysis, the ALJ set forth specific, valid reasons for his decision that this opinion evidence was not entitled to any special weight under the facts and circumstances of this particular case (R & R at 7-8). This objection is denied.

## II. Plaintiff's Credibility

Plaintiff argues that the Magistrate Judge erred in "rul[ing] that there was 'more than substantial evidence' supporting the ALJ's rejection of Plaintiff's credibility" because a credibility finding requires more than substantial evidence; it also requires a finding that there is an *inconsistency* between a given complaint and other substantial evidence (Obj. at 11). Thus, "[i]n affirming the credibility finding based on substantial evidentiary support without even addressing the inconsistency issue, the magistrate knocked down a straw man while ignoring the controlling issue in this appeal" (*id.* at 12). Plaintiff also complains that the Magistrate Judge failed to address his arguments that the ALJ's findings concerning his subjective complaints and claims of disability were vague and too nonspecific to evaluate the validity of the findings (*id.* at 12-13). Plaintiff acknowledges that the ALJ provided specific reasons for rejecting Plaintiff's credibility, but he contends that two of the reasons were excessively vague; two constituted "improper doctor playing"; one rested on an unreasonable inference; and *none* constituted the "inconsistency" required by the regulations in rejecting a claimant's credibility (*id.* at 14-17).

As with his argument concerning Koetje's opinion, Plaintiff asserts that if even one of the ALJ's reasons is invalid, the adverse credibility finding cannot stand, since it cannot be assumed that the ALJ was not influenced by a reason he expressly cited (*id.* at 17). And moreover, the ALJ's inability to specify a bona fide inconsistency requires the ALJ to credit Plaintiff's testimony and

mandates a finding of disability because Plaintiff testified that he was as limited as opined by Koetje and is incapable of gainful employment (*id.*).

The Court finds no merit in Plaintiff's lengthy and multifaceted argument. The Magistrate Judge properly reviewed the ALJ's credibility determination in light of the applicable standards and authority. As the Magistrate Judge fully observed, a wealth of authority makes it clear that a "'highly deferential standard of review'" applies to the ALJ's credibility determinations (R & R at 10, citing *Ulman v. Commissioner,* 693 F.3d 709, 714 (6th Cir. 2012)). "'Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ'" (R & R at 10, citing *Gooch v. Secretary of Health & Human Servs.,* 833 F.2d 589, 592 (6th Cir. 1987)). "'The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints.'" (R & R at 10, citing *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993)).

Plaintiff has demonstrated no error in the Magistrate Judge's determinations that the ALJ gave more than sufficient reasons for his factual finding regarding Plaintiff's credibility (R & R at 11, citing A.R. 23-25), and that the ALJ's factual finding regarding Plaintiff's credibility is supported by more than substantial evidence. The ALJ recited the evidence of record in detail and considered Plaintiff's subjective complaints in light of the entire record, and the ALJ's conclusions were drawn in that context, not in isolation (as aptly summarized by Defendant, *see* Resp. at 5-7; *see also* A.R. 22-25). Plaintiff's complaint that such conclusions are vague and nonspecific ignore the cited record and the context in which the conclusions were made. Plaintiff's argument is also subject to other flaws. For example, as Defendant points out, Plaintiff's argument based on his

allegation that the ALJ asserted that Plaintiff reduced his work for only economic reasons (Obj. at 14-15) is not well-founded since the ALJ stated only that "[t]he record also indicates that [Plaintiff] stopped working *in part* due to a decline in business rather than because of his allegedly disabling impairments" (*see* Resp. at 6; A.R. 24, 45) (emphasis added). This objection is denied.

### III. Reasons to Credit Records Reviewer

Plaintiff argues that the Magistrate Judge erred in accepting the ALJ's reliance on the opinion of records reviewer Shanthini Daniel, M.D., and more specifically, in seeking "to support the ALJ's favoring Daniel by citing Daniel's greater qualifications" since this was not a reason cited by the ALJ (R & R at 17-18). Plaintiff asserts that the ALJ gave "no good reasons" to credit the records reviewer, and the commissioner's action cannot be upheld merely because findings might have been made and considerations disclosed that would justify the order (*id.* at 17).

Plaintiff's argument is without merit. The Magistrate Judge properly considered and rejected Plaintiff's argument that the ALJ gave "no good reasons" to credit Dr. Daniel's opinions. The Court finds no merit in Plaintiff's argument that the Magistrate Judge improperly cited a reason not relied on by the ALJ, i.e., Daniel's greater qualifications. The Magistrate Judge simply stated that "[t]he licensed physician's medical expertise and her reliance on objective evidence were certainly good reasons for the ALJ to give significant weight to Dr. Daniel's opinions" (R & R at 9). The Magistrate Judge merely summarized two reasons that warranted the weight accorded Dr. Daniel's opinion, which was proper in the context of the record and the ALJ's decision, and defeated Plaintiff's argument that there were *no good reasons* for crediting Dr. Daniel's opinion.

Plaintiff's Objections to the Report and Recommendation are denied.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 15) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 30, 2013          /s/ Janet T. Neff
                                   JANET T. NEFF
                                   United States District Judge